**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **HAZEL HONORE** | **CIVIL ACTION NO.** _____ |
| **VERSUS** | **JUDGE:** _____ |
| **UNISYS LTD PLAN, THE HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY** | **MAGISTRATE JUDGE:** _____ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

NOW INTO COURT comes, Complainant Hazel Honore, hereinafter ("Ms. Honore"), a resident of the full age of majority of East Baton Rouge Parish, Louisiana, who respectfully represents:

1.

Pursuant to 28 U.S.C. §1331, Federal Question Jurisdiction is present herein. Pursuant to 29 U.S.C. 1132(e)(2), venue is proper within this judicial district as it is where the breach occurred, specifically, where Ms. Honore received long term disability benefits, where she was denied her long-term disability benefits, and where defendants are subject to the Courts jurisdiction. Furthermore, the records of Ms. Honore's disability and long-term disability payments are located within this judicial district.

2.

Defendants enumerated below are justly and truly indebted unto Ms. Honore for all penalties as allowed by law, costs of these proceedings, attorney's fees, legal interest thereon from the date of judicial demand until paid, and all such other relief to which Ms. Honore is entitled at law or equity, including the provision of benefits and/or declaration by the Court of her entitlement thereto:

1

1. Unisys LTD Plan, an "employee welfare benefit plan" as defined and governed by ERISA.

2. Benefit Management Services d/b/a The Hartford Life and Insurance Company (hereinafter "Hartford"), as the Plan Administrator of the Unisys LTD Plan for employees of Unisys Corporation.

3.

The Unisys LTD Plan provides long-term disability benefits to qualified participants defined as "Total Disability" for the Unisys Corporation. Ms. Honore is a participant of the Unisys LTD Plan, Policy Number: GLT205436, as she is totally disabled under the meaning and intent of the plan and law.

4.

Ms. Honore is sixty-two (62) years of age who suffers from post laminectomy syndrome as a result of a car accident in 1994. At the time of Ms. Honore's diagnosis, she worked as a Medicaid Service Representative for Unisys Corporation and was under the Unisys LTD Plan. At no time has Defendants denied Ms. Honore participation in the Unisys LTD Plan.

5.

Ms. Honore's disability renders her completely incapable of working. She cannot walk without a cane or walker, and often relies on her husband or daughter to bathe, eat, and take of her personal/household needs. Despite the medication Ms. Honore is prescribed, her back and legs are in constant pain. Even with a cane or walker, Ms. Honore cannot walk for more than ten (10) minutes without suffering extensive pain. Often times, Ms. Honore is unable to make any movements until the pain subsides, which could range from hours to the entire day. As a result of the medication, Ms. Honore suffers from depression and drowsiness.

6.

Ms. Honore also cannot function in today's workplace. Along with her severe physical limitations, Ms. Honore has no computer or job skills which prohibits her ability to perform any work in today's society.

7.

Since 1994, Ms. Honore has received long-term disability benefits pursuant to the Unisys LTD Plan. Ms. Honore also receives social security benefits. Ms. Honore's social security and long-term disability benefits is her only source and means of income. Without her benefits, Ms. Honore is completely unable to sustain herself.

8.

Without reservation or objection by Defendants for over twenty (20) years, Ms. Honore participated in the Unisys LTD Plan and was provided long-term disability benefits. For decades, Ms. Honore timely provided Defendants confirmation of her disability and entitlement to benefits from her physicians. On May 9, 2017, Dr. Kelly Boussert confirmed to Defendants that she was incapable of performing full-time sedentary work with the following restrictions and limitations, listed as follows:

> No sitting longer than 1 to 3 hours at a time without the ability to get up and stretch or change positions. No more than occasional standing or walking (1-2 hours total per workday). No repetitive kneeling, crouching, stooping, reaching overhead, climbing stairs, twisting or turning. No repetitive lifting, carrying, pushing or pulling greater than 10 pounds occasionally. The patient can perform frequent to constant reaching at desk level, fingering, feeling and/or handling (bilateral upper extremities).

Dr. Boussert confirmed that if Ms. Honore was able to work, she must be able to change positions frequently (< 1 hr.) based on pain level. Dr. Boussert further provided Defendants Mr. Honore's MRI Lumbar on June 12, 2014, which confirmed her inability to perform any work.

9.

Despite Dr. Boussert's clear medical opinion that Ms. Honore cannot work and that she did not agree with Defendants purported restrictions/limitations, Defendants conducted an independent evaluation on Ms. Honore's disability. Defendants referred Ms. Honore's case file to Dr. Todd S. Hagle, who upon information and belief, is not even licensed in Louisiana where Ms. Honore lives and receives medical treatment. On June 1, 2017, Dr. Hagle issued a purported "report" on Ms. Honore's case file. This alleged "report" was incomplete and failed to consider the entirety of Ms. Honore's medical file. Dr. Hagle did not examine Ms. Honore or interview any of her treating physicians, including Dr. Boussert. Dr. Hagle also failed to review Ms. Honore's MRI from June 12, 2014, which reveals her disability and inability to perform any work.

10.

On June 3, 2017, Defendants requested Dr. Boussert provide "comments" to Dr. Hagle's incomplete report. Defendants failed to provide Dr. Boussert any further information as to the purpose or reason for the additional "comments". Upon information and belief, Dr. Boussert agreed with Dr. Hagle's report only as a result of extensive confusion regarding the purpose and reason for the additional request.

11.

On June 19, 2016, Dr. Boussert submitted to Defendants a progress report on Ms. Honore. Dr. Boussert advised Defendants that Ms. Honore continued to suffer extensive pain and could not sit, stand, or walk more than four (4) hours a day. Ms. Honore could not stand or walk more than once in an hour, nor could she sit more than twice in an hour. Dr. Boussert disclosed to Defendants that the restrictions and limitations would be life lasting, and her disability had remained previously unchanged.

4

12.

Despite providing Ms. Honore long-term disability benefits for decades and directly in contravention to Dr. Boussert's clear medial opinions, Defendants inexplicably determined that Ms. Honore was not eligible for benefits beyond August 21, 2017. Although Ms. Honore cannot work in any capacity, Defendants unilaterally decided Ms. Honore was no longer "disabled from any occupation to continue to receive LTD benefits".

13.

Ms. Honore was informed that the determination of her benefits was made based on prior "education", "training", "experience", and "medical information" in her file. While Defendants alleged Ms. Honore's social security benefits was considered as a factor in favor of "total disability", her disability benefits were for some reason still denied. Ignoring Dr. Boussert's medical opinions that Ms. Honore cannot perform any work, Defendants concluded Ms. Honore is "not prevented from performing the essential duties of any occupation". As a result, Ms. Honore somehow "did not meet the policy definition of disability as of 8/22/17" and her benefits, the exclusive source and means of income, was terminated. Defendants even threatened Ms. Honore with litigation, by claiming her benefits had been overpaid from 8/22/17 through 8/31/17.

14.

Also on August 22, 2017, Defendants eluded to supposed available positions within Baton Rouge, Louisiana which Ms. Honore allegedly qualified. However, Defendants failed to identify any specific positions Ms. Honore was eligible for without having any computer or job skills, and without the ability to walk, stand, or sit.

15.

On August 23, 2017, Ms. Honore opposed the decision by submitting a timely appeal. On

September 26, 2017, and September 27, 2017, Hartford confirmed receipt of Ms. Honore's appeal.

16.

Pursuant to 29 U.S.C. §1024, on October 9, 2017, Ms. Honore, through counsel, protested the decision and requested copies of the plan and summary plan of her benefits; copies of all correspondence between Hartford and Ms. Honore, all medical providers of Ms. Honore, and Dr. Hagle; and copies of all phone calls, examinations, analysis, evaluations, and reviews of Ms. Honore's claims by Hartford. However, to this day, Hartford has failed to provide any of the requested documents mandated by law. Hartford is in violation of 29 U.S.C. §1024, by refusing to provide Ms. Honore copies of any requested plans/summary plans or documents regarding her plan benefits.

17.

On October 18, 207, Ms. Honore received a back dated notice from Defendants, dated October 4, 2017, denying her appeal. Defendants again acknowledged Dr. Boussert's medical opinions on May 9, 2017, and June 19, 2016, revealing Ms. Honore cannot work in any capacity. Yet, Defendants still determined Ms. Honore could "perform several sedentary occupations."

18.

Ms. Honore has exhausted all administrative procedures and remedies under the Unisys LTD Plan and under ERISA.

19.

Pursuant to 29 U.S.C. § 1132(a)(1)(B), Ms. Honore contends Defendants are liable for their arbitrary and capricious denial of her long-term disability benefits. Ms. Honore seeks recovery of these denied benefits to which she is entitled.

20.

Pursuant to 29 U.S.C. § 1109(a), Ms. Honore contends Hartford is a fiduciary in connection with the Unisys LTD Plan as the Plan Administrator, and has breached its fiduciary duties owed to her by denying her long-term disability benefits. Hartford's actions are inconsistent with the reasonable expectations of Ms. Honore and are contrary to the established claims practices, legal requirements, and terms of the Unisys LTD Plan and the law.

21.

Pursuant to 29 U.S.C. §1024 *et. seq.*, and 29 U.S.C. § 1132 *et seq.*, Ms. Honore contends Hartford has failed to provide her copies of the requested plan documents, entitling her to statutory penalties of $100.00/day, beginning from October 9, 2017, the date of her initial demand.

22.

Pursuant to 29 U.S.C. § 1132 *et seq.*, Ms. Honore contends she is entitled to and desires an award of attorney's fees.

23.

Ms. Honore is entitled to and desires an award of all such other relief to which she is entitled at law or in equity including declaratory relief.

WHEREFORE, Complainant, Hazel Honore, prays after due proceedings are had, that there be a Judgment herein in her favor and against defendants, Unisys LTD Plan and The Hartford Life and Accident Insurance Company, for all penalties as allowed by law, costs of these proceedings, attorney's fees, legal interest thereon from the date of judicial demand until paid, and all such other relief to which Ms. Honore is entitled at law or equity, including the provision of benefits and/or declaration by the Court of her entitlement thereto.

RESPECTFULLY SUBMITTED,

By: _____/s W. Brett Conrad_____
Jill L. Craft, T.A., #20922
Attorney at Law, LLC
W. Brett Conrad, Jr. #37639
509 Saint Louis Street
Baton Rouge, Louisiana 70802
Telephone: (225) 663-2612
Fax: (225) 663-2613
Email: jcraft@craftlaw.net